COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-066-CV
  
  
MICWAL 
INC., F/D/B/A                                                           APPELLANT
CROSS 
TIMBERS CARE CENTER
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 393RD DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
a single issue, Appellant MicWal, Inc., f/d/b/a Cross Timbers Care Center claims 
that the trial court erred by denying its motion to partially vacate an 
arbitration award entered against it.  The arbitration award was made 
pursuant to chapter 242 of the Texas Health and Safety Code, governing 
resolution of civil penalties sought by the State of Texas against convalescent 
and nursing homes and related institutions.  See Tex. Health & Safety Code Ann. ch. 
242 (Vernon 2001 & Supp. 2004-05).[2] MicWal 
elected to resolve the State’s claims against it for civil penalties through 
binding arbitration.  See id. § 242.252(a), (f).
        No 
statutory provision exists permitting a party who elects binding arbitration 
under chapter 242's scheme to move to vacate, or appeal, an arbitration 
award.  See id. §§ 242.265, .267.  A party who does not elect 
binding arbitration, but gets pulled into arbitration through the opposing 
party’s election, may move to vacate the arbitration award in only limited 
circumstances.[3]
        Here, 
MicWal was the party moving for arbitration.  Thus, under chapter 242's 
statutory scheme, the trial court was not permitted to vacate the arbitration 
award.  That is, section 242.267(a) authorizes a trial court to vacate an 
arbitration award only upon an application made by a party not electing and 
moving for arbitration under the chapter.  Id. § 242.267(a).
        MicWal 
points out that its motion to vacate was filed pursuant to section 242.269(b) 
and claims that section authorizes the motion.  Id. § 
242.269(b).  We cannot agree.  Section 242.269 authorizes a motion to 
vacate to be filed “in accordance with Section 242.267“ and, as set forth 
above, section 242.267 authorizes only a party who did not elect binding 
arbitration to move to vacate an arbitration award.  Id. § 
242.267(a).  Because MicWal was the party electing and moving for 
arbitration, the trial court properly denied MicWal’s motion to vacate the 
arbitration award and properly entered judgment on the arbitration award.  Id. 
§ 242.269.  We overrule MicWal’s sole issue and affirm the trial 
court’s judgment.
   
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
    
 
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DELIVERED: 
November 12, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The State correctly points out that the 1998 version of chapter 242 of the Texas 
Health and Safety Code was amended in 1999 and that those amendments do not 
apply to the present case; however, the provisions we rely upon to dispose of 
this appeal were the same in 1998 and in 1999 although the provisions may have 
been renumbered.  Therefore, we cite only the Vernon 2001 version of the 
statute.
3.  
Upon motion by the party that did not move for arbitration, the trial court may 
vacate an award only on a finding that (1) the order was procured by corruption, 
fraud, or misrepresentation, (2) the decision of the arbitrator was arbitrary or 
capricious and against the weight of the evidence, or (3) the order exceeded the 
jurisdiction of the arbitrator under section 242.264(a).  Id. § 
242.267(b).